# SPASOJEVICH LAW

9224 Queens Boulevard #740010
Rego Park, New York 11374

Phone: (914)-487-3592
Email: ls@spasojevichlaw.com

March 6, 2023

Hon. Philip Halpern
United States District Court
Southern District of New York
300 Quarropas Street, Room 530
White Plains, New York 10601
**Filed via ECF**

**RE:** *April Henry vs. Pelham Childrens Center Inc. et. al.*,
Docket No. 7:22-cv-8081 **(Settlement Approval)**

Dear Judge Halpern:

Plaintiff, April Henry, [...] settlement reached in this matter [...] as Exhibit "**A**."

Plaintiff filed a Complaint [...] ("FLSA") in retaliating against [...] under the Act.

Plaintiff claimed she was [...] objections to the facilities provi[...] result of such objections, such a[...] against by the Defendant and he[...]

> Motion granted. Having carefully reviewed the fairness letter filed by plaintiff, as well as the executed proposed settlement agreement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). *See Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Accordingly, the proposed settlement is hereby approved. The Clerk of Court is respectfully directed to close this case.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> March 7, 2023

In response, Defendant asserted defenses that Plaintiff no longer held the accreditation to maintain her position and, further, that Defendant provided her an adequate facilities and time to pump her breast milk.

## SETTLEMENT AMOUNT

The Parties resolved this matter through an agreement by Parties in the monetary amount of $14,000, with Plaintiff receiving a total of $9,065.34. Lawrence Spasojevich, Esq. will receive $4,532.66 in attorneys' fees and $402.00 costs.

---

Spasojevich Law, P.C.
Tele: (929) 383 – 0214 Email: ls@spasojevichlaw.com Fax: (917) 724-0674

Plaintiff was paid an hourly wage of $21.50 with an average weekly earning of $752.00. The current settlement represents four and a half months of lost wages. Therefore, given the defenses as asserted by the Defendant, a settlement of $14,000.00, or four and a half (4.5) months of wages, is a fair and reasonable settlement resulting from an arms-length negotiation between experienced counsel.

## **ATTORNEY FEES**

Under Plaintiff's professional services-contingency fee agreement with the Plaintiff's counsel, the settlement agreement provides that Plaintiff's counsel will receive $4,532.66 in attorney's fees and $402.00 costs. According to the retainer agreement, Plaintiff's counsel is to receive one-third of any recovery and reimbursement for all expenses incurred. To date, Plaintiff's counsel bore all costs of litigation and litigated a risky FLSA/NYLL case without compensation of any kind to date, and his fee has been wholly contingent upon the result achieved.

Here the attorney fee, which accounts for one-third (1/3) of the total settlement amount, is consistent with contingency fee agreements that the Second Circuit commonly approves in FLSA cases. *See Najera v. Royal Bedding Company, LLC,* No. 13-cv-1767, 2015 WL 3540719 (E.D.N.Y. June 3, 2015)*; See also Rangel v. Grand St. Meat & Produce Corp.,* No. 13-cv-3234 (E.D.N.Y. Sept. 19, 2013).

The Courts routinely utilize the lodestar method when approving attorney's fees under a contingency agreement. *See Sakiko Fujiwara v. Sushi Yasuda Ltd.,* 58 F.Supp.3d 424 (S.D.N.Y. 2014).

The amount of attorney's fees is based on the presumptively reasonable fee, sometimes called the lodestar. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189-90 (2d Cir. 2008). The presumptively reasonable fee is the product of the reasonable hours in the case and the reasonable hourly rate. *See Millea v. Metro-N R.R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011).

The reasonable hourly rate is determined by whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *See Blum v. Stenson*, 465 U.S. 886, 896 (1984). However, the Court may adjust the hourly rate to account for other case-specific variables including the factors set forth in *Johnson v. Georgia Highway Express, Inc.*:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to perform the legal service properly;
> (4) the preclusion of employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved or the results obtained;

2

  (9) the experience, reputation, and ability of the attorneys;
  (10) the 'undesirability of the case;'
  (11) the nature and length of the professional relationship with the client; and,
  (12) awards in similar cases.

*See Hensley v. Eckerhart*, 461 U.S. 424, 43o n.3 (1983) (citing *Johnson*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93 (1989); *see also Arbor Hill*, 522 F.3d at 186 n.3 (citing the *Johnson* factors).

  But the Court need not make separate findings as to all twelve *Johnson* factors. *Lochren v. Cnty. of Suffolk*, 344 Fed. App'x 706, 709 (2d Cir. 2009). In recent cases in this district, the court has found hourly rates ranging from $200 to $450 for partners, $100 to $300 for associates and $70 to $100 for paralegal assistants to be reasonable." *See Cohetero v. Stone & Tile, Inc.*, No. 16-CV4420(KAM)(SMG), 2018 WL 565717, at *4 (E.D.N.Y. Jan. 25, 2018) (citations omitted); *accord Hall v. Prosource Techs., LLC,* No. 14-CV-2502(SIL), 2016 WL 1555128, at *12-13 (E.D.N.Y. Apr. 11, 2016) (identifying a range of hourly rates prevailing in this district); *see also Ramos v. Nikodemo Operating Corp.* No. 16-CV1052(KAM)(JO), slip op. at 21 (E.D.N.Y. Aug. 7, 2017) (ECF No. 42).

  Plaintiff seeks an hourly rate of $400.00 for Lawrence Spasojevich, who is principal for Spasojevich Law, P.C. and who was an attorney at the Law Offices of James F. Sullivan, P.C. and *of counsel* for Aidala, Bertuna & Kamins, P.C. Lawrence Spasojevich is a 2009 graduate of the University of San Diego School of Law. Lawrence Spasojevich was admitted to the New York State Bar in 2011, admitted to the United States District Court, Southern District of New York in 2018, and admitted to the United States District Court, Eastern District of New York in 2018. Seventy percent (70%) of Lawrence Spasojevich's case load concentrates on wage and hour matters, either individual, multi-plaintiff, or collective actions, in the Eastern District of New York, Southern District of New York, and New York State Courts. Before forming Spasojevich Law, P.C. and joining the Law Offices of James F. Sullivan, P.C. and Aidala, Bertuna & Kamins, P.C., Lawrence Spasojevich was an Assistant General Counsel, Level III at the Office of the Mayor, Office of Labor Relations for the City of New York, where he was involved in wage and hour disputes, FMLA actions, and collective bargaining.

  Here, the fee amount of $4,532.66 is greater than the lodestar amount of $5,250.00. Contemporaneous time records of work performed concerning the case are attached hereto as Exhibit "**B**." The proposed allocation represents a lodestar multiplier of .86. Although the lodestar multiplier is determinative only for a common fund settlement, Courts have considered it in individual settlements, and here it is in line with settlements approved in other cases. *See, e.g.*, *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (awarding fee that represented 2.28 multiplier of modified lodestar calculation and noting that "multiplier near 2 compensates [Plaintiff's counsel] appropriately"). The Plaintiff and the Plaintiff's counsel have a contingent fee agreement compensating the Plaintiff's counsel one-third of any settlement plus prepaid costs and expenses. Nothing additional is to be paid by the Plaintiff to the Plaintiff's counsel.

## **CONCLUSION**

In light of the foregoing, the Plaintiffs submit that the proposed Agreement reflects a fair and reasonable resolution of the matter achieved through discovery and a number of arm's-length negotiations between skilled and experienced counsel, in a context where all parties faced significant litigation risks with respect to hotly contested factual and legal issues. Further, the proposed fees and costs are appropriate in this case. Therefore, the Plaintiff respectfully request that the Court approve the proposed Agreement as fair and reasonable and permit the parties to dismiss this action with prejudice.

I thank the Court for its attention to this matter.

Respectfully,

_____/S/_____
Lawrence Spasojevich, Esq.
*Attorney for Plaintiff*